**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-2580

ROBIN BINKLEY,

      Plaintiff,

v.

EEC ACQUISITION, LLC dba SMART CARE EQUIPMENT SOLUTIONS, a Delaware Limited Liability Company,

      Defendant.

**COMPLAINT AND JURY DEMAND**

COMES NOW, Robin Binkley ("Plaintiff"), by and through his undersigned counsel, and hereby submits his Complaint and Jury Demand against EEC Acquisition, LLC dba Smart Care Equipment Solutions ("Smart Care" or "Defendant"):

**NATURE OF LAWSUIT**

This case involves Smart Care's relentless and vindictive actions against United State Air Force Veteran, Robin Binkley, a Denver, Colorado-based food equipment service technician who left Smart Care to advance his career and better provide for his family.  Smart Care forced all of its Colorado employees, including Mr. Binkley, to sign illegal non-competition agreements as a condition of working for Smart Care.  In late August 2021, Mr. Binkley left Smart Care to pursue a new and better opportunity and immediately thereafter, Smart Care engaged (and continues to engage) in a spiteful and ruthless effort to prevent Mr. Binkley from working again in the only market and career he has known.  Smart Care is using its size and wealth to bully Colorado

employees like Mr. Binkley and to prevent Mr. Binkley from engaging in and advancing his career. Further, through its enforcement of illegal employee contracts, Smart Care is intentionally and unfairly stifling competition in Colorado by eliminating choices Colorado consumers have in the food equipment services marketplace.

Mr. Binkley therefore brings this case seeking: 1) the Court to declare that the subject non-competition agreement is invalid and unenforceable under Colorado law; 2) an award of damages due to Smart Care's intentional interfered with his employment opportunities; and 3) an injunction preventing Smart Care from enforcing the illegal non-competition agreement against Mr. Binkley.

## PARTIES, JURISDICTION AND VENUE

1. Robin "Rob" Binkley is and at all time relevant hereto, was a Colorado resident

2. EEC Acquisition, LLC dba Smart Care Equipment Solutions is a Delaware limited liability company with its principal place of business at 370 Wabasha St. N, Suite 1700, St. Paul, Minnesota.  On information and belief, Smart Care has locations and employees across the country, including in and around the Denver, Colorado area.  On information and belief, no member of EEC Acquisition, LLC is a resident of the state of Colorado.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant.  Jurisdiction is proper in this Court under the Declaratory Judgment Act, 28 U.S.C. §2201.

4. The exercise of *in personam* jurisdiction over Defendant comports with the laws of the State of Colorado and the constitutional requirements of due process because the Defendant and/or its agents transacts business and/or offers to transact business within the State of Colorado.

Specifically, Defendant has employees and locations in Colorado and provides services within the State of Colorado.

5.  While the Confidentiality, Non-Competition, Non-Solicitation and Assignment of Inventions Agreement at issue in this case states that the parties consent to the jurisdiction of the state and federal courts in Minnesota, such consent is not exclusive, and the Agreement does not indicate or require that Minnesota is the *only* forum where an action may be brought.  Exhibit 1 at p. 5, ¶ 15. *See*, *Great Am. Opportunities, Inc. v. Kent*, 352 F. Supp. 3d 1126, 1132 (D. Colo. 2018).

6.  Further, the parties executed a Mediation and Arbitration Agreement (Exhibit 1 pp. 7-13) which governs all disputes except those seeking injunctive relief, such as this case. Finally, Smart Care waived any right to enforce the Mediation and Arbitration Agreement when it brought a breach of contract suit against Mr. Binkley on September 3, 2021 without first proceeding to arbitration.

7.  Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in Colorado. The employment agreement which forms the basis of this dispute was to be performed in Colorado, and Defendant's actions are causing damages to Plaintiff in Colorado, thus Plaintiff suffered and is suffering harm in Colorado.

**FACTUAL ALLEGATIONS**

8.  On March 28, 2018, Mr. Binkley accepted employment with Smart Care as a Service Technician in the Front Range area of Colorado and was presented with an electronic employment packet requiring multiple electronic signatures (e-signatures).  Exhibit 1. On March 28, 2018, Mr. Binkley e-signed the required documents.  *Id.*

9. Among the documents were an Employment Offer, Confidentiality, Non-Competition, Non-Solicitation and Assignment of Inventions Agreement, and a Mediation And Arbitration Agreement (collectively, the "Agreement"). *Id*.

10. Mr. Binkley's employment with Smart Care was at all times "at-will" employment. *Id* at pp. 1, 12.

11. In connection with his employment as a Colorado-based service technician with Smart Care, Mr. Binkley did not have access to any Smart Care trade secret information, was never provided with Smart Care trade secret information, and was not an executive, manager or administrative employee of Smart Care.

12. In August 2021, Mr. Binkley terminated his at-will employment with Smart Care and accepted an offer of employment with ITW Hobart Service ("Hobart") as a service technician in the Front Range area of Colorado; his employment was to begin on August 30, 2021 with a salary and benefits package in excess of $85,000.

13. From August 31, 2021 Smart Care communicated with Hobart about Mr. Binkley, and Smart Care's erroneous position that Mr. Binkley was unable to be employed by Hobart in the position for which he was hired. Because of Smart Care's actions, Hobart has not hired Mr. Binkley.

14. During those discussions with Hobart, on September 3, 2021, Smart Care filed a lawsuit in the Ramsey County District Court, state of Minnesota for breach of contract against Mr. Binkley (among others) alleging Mr. Binkley would breach the Smart Care Agreement when he began his employment with Hobart. As of this filing, Smart Care has not served Mr. Binkley with the Ramsey County District Court Complaint.

15. Due to Smart Care's actions, Hobart has not employed Mr. Binkley, with the result that Mr. Binkley is without a job, salary, and healthcare benefits.

**FIRST CLAIM FOR RELIEF**
**Declaratory Judgment**

16. Plaintiff incorporates all preceding paragraphs as if fully set forth below.

17. The Agreement includes a choice of law provision for Minnesota law. *See*, Exhibit 1. However, Colorado law, not Minnesota law applies to the Agreement as Colorado has a materially greater interest than Minnesota in determining whether the Agreement is enforceable as the Agreement was to be performed in Colorado; the alleged threat of breach / breach thereof would occur in Colorado; and Mr. Binkley is a resident of Colorado. Critically, the Agreement restricts competition in Colorado, Mr. Binkley's territory, so the effects of the non-competition resulting from Smart Care's enforcement of the Agreement is harming/will harm Colorado businesses and residents, and therefore will be felt in Colorado.

18. Application of Minnesota law to the Agreement would violate the fundamental public policy of Colorado since Minnesota's standard for permissibility of restrictive covenants is markedly different that Colorado's and it would violate fundamental public policy of Colorado if enforced.

19. Thus Mr. Binkley asks this Court to declare that Colorado law applies to the Smart Care Confidentiality, Non-Competition, Non-Solicitation and Assignment of Inventions Agreement.

20. C.R.S. § 8-2-113 provides "[a]ny covenant not to compete which restricts the right of any person to receive compensation for performance of skilled or unskilled labor for an

employer shall be void" unless that covenant fits into one of four defined exceptions. Further, Colorado law treats non-solicitation clauses as covenants not to compete.

21.     Colorado only permits four narrow exceptions to its ban on covenants not to compete: those for the purchase and sale of a business; for the protection of trade secrets; for recovery of training and education costs for an employee who served for less than two years; and for executive or management personnel.

22.     As set forth above, Mr. Binkley was employed by Smart Care as an at-will service technician, and none of the four narrow exceptions to Colorado's ban on covenants not to compete applies to Mr. Binkley's Smart Care employment. Therefore, the Agreement is invalid and unenforceable by Smart Care against Mr. Binkley.

23.     Thus Mr. Binkley asks this Court to declare that the Smart Care Confidentiality, Non-Competition, Non-Solicitation and Assignment of Inventions Agreement is invalid under Colorado law, and unenforceable by Smart Care against Mr. Binkley.

24.     The requested declaratory relief will serve the useful purpose of clarifying legal rights and obligations of the parties, and resolving the issue of whether the Agreement is valid and enforceable against Mr. Binkley.

25.     Pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, Mr. Binkley is entitled to a declaratory judgment that the Smart Care Non-Competition, Non-Solicitation and Assignment of Inventions Agreement is invalid and unenforceable against Mr. Binkley.

## SECOND CLAIM FOR RELIEF
### Tortious Interference With Business Opportunity

26. Plaintiff incorporates all preceding paragraphs as if fully set forth below.

27. Smart Care engaged in improper conduct when it interfered with Mr. Binkley's employment agreement with Hobart. As set forth above, Smart Care improperly communicated with Hobart about Mr. Binkley, and Smart Care's erroneous position that Mr. Binkley was unable to be employed by Hobart in the position for which he was hired.

28. Smart Care filed a lawsuit against Mr. Binkley and Hobart in Minnesota for the purpose of interfering with and preventing Hobart from employing Mr. Binkley.

29. Smart Care intended to induce and/or cause Hobart to not employee Mr. Binkley as it had agreed.

30. As a direct result of Smart Care's actions, Hobart has not hired Mr. Binkley.

31. As a direct result of Smart Care's actions, Mr. Binkley has lost salary, benefits, opportunity, career position, and has suffered embarrassment, shame and faces uncertainty as to his ability to be employed in the only market and career he knows.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Binkley prays that this Court:

1. Declare that Colorado law applies to the Smart Care Confidentiality, Non-Competition, Non-Solicitation and Assignment of Inventions Agreement;

2. Declare that the Smart Care Non-Competition, Non-Solicitation and Assignment of Inventions Agreement is invalid and unenforceable against Mr. Binkley;

3. Preliminarily and permanently enjoin and restrain Defendant, its officers, agents, servants, employees and attorneys, and any other person in active concert or participation with them

who receive actual notice of the Court's order, from enforcing / attempting to enforce the Smart Care Confidentiality, Non-Competition, Non-Solicitation and Assignment of Inventions Agreement in any manner whatsoever;

4. Order Defendant to pay to Mr. Binkley such damages as he has sustained by reason of Defendant's interference with his employment agreement with Hobart and other wrongful conduct;

5. Award Mr. Binkley his reasonable attorneys fees and costs as permitted by the Agreement of the parties, and applicable law;

6. Grant Mr. Binkley such other and further relief as the Court may find to be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Robin Binkley hereby demands a jury trial on all issues triable by jury.

Respectfully submitted this September 23, 2021.

LASZLOLAW

s/ Michael J. Laszlo
Theodore E Laszlo, Jr. (#26234)
Michael J. Laszlo (#38206)
2595 Canyon Boulevard, Suite 210
Boulder, Colorado 80302
Telephone:  (303) 926-0410
Fax:  (303) 443-0758
Email:  mlaszlo@laszlolaw.com

*Attorneys for Plaintiff*

**Plaintiff's Address**
c/o LaszloLaw
2595 Canyon Blvd. Suite 210
Boulder, CO 80302